# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE: | : | |
|---|---|---|
| | : | Chapter 13 |
| BERNADETTE RAINES | : | |
| | : | Case No. 23-11627-PMM |
| Debtor. | : | |

## DEBTOR'S MOTION TO PARTIALLY AVOID LIEN OF
## DIANNE G. MORRIS UNDER 11 U.S.C. §§ 522(f), 506(a) and 506(b)

BERNADETTE C RAINES (the "Debtor"), by and through their undersigned counsel, hereby submits this Motion to Partially Avoid Lien of DIANNE G. MORRIS (the "Secured Creditor") pursuant to 11 U.S.C. §§ 522(f), 506(a) and 506(b), and in support thereof respectfully states the following:

1. The Debtor filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code (as amended, the "Bankruptcy Code") on June 1, 2023 (the "Petition Date"), in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court").

2. On June 23, 2023, the Debtor filed their schedules, statements, and statement of financial affairs (the "Schedules and Statements").

3. The Schedules and Statements reflect, among other things, that the Debtor owns real property located at 2023 Snyder Avenue, Philadelphia, PA 19145 (the "Property").

4. Per the Debtor's Schedules and Statements, the Property is valued at $145,620.00.

5. On November 14, 2012, the Court of Common Pleas of Philadelphia County entered a judgment in favor of the Secured Creditor and against the Debtor in the amount of one million dollars ($1,000,000.00) (the "Civil Judgement"). See Exhibit "A," a true and correct copy of the Civil Judgement attached hereto and incorporated herein as if set forth in full.

6. The Civil Judgement acts as a lien on the Property in accordance with relevant Pennsylvania state law.

7. On August 7, 2023, the Secured Creditor filed Proof of Claim 5-1 asserting a total claim of $1,000,000.00, with a secured portion of $250,000.00.

8. Section 506(a)(1) of the Bankruptcy Code provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a)(1).

9. The amount of the Civil Judgement is significantly greater than the value of the property, and accordingly, the Secured Creditor's lien should be partially avoided pursuant to section 506(a) of the Bankruptcy Code.

10. Section 506(b) of the Bankruptcy Codes provides:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

11 U.S.C. § 506(b).

11. Because the Secured Creditor's claim is substantially in excess of the value of the Property, the claim should not be allowed in its entirety; rather, the claim should be bifurcated and secured only to the extent that it properly reflects the value of the Property.

12. Under section 522(f)(1)(A), a debtor may avoid a lien if the following conditions are met: (1) there was a fixing of a lien on an interest of the debtor in property; (2) the lien impairs an exemption to which the debtor would have been entitled; and (3) the lien is a judicial lien. See In re Badolato, 641 B.R. 806 (Bankr. E.D. Pa. 2022) (citing In re Ober, 613 B.R. 631, 637 (Bankr. E.D. Pa. 2020)).

13. The Bankruptcy Code defines the term "judicial lien" as any "lien obtained by judgement, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36).

14. As further stated herein, the Civil Judgement acts as a lien under applicable Pennsylvania state law and is defined as a judicial lien under section 101(36) of the Bankruptcy Code.

15. Accordingly, the Civil Judgement impairs the Debtor's exemption under section 522(d)(1) of the Bankruptcy Code and should be partially avoided and secured only to the extent that it mirrors the value of the Property.

WHEREFORE, the Debtor respectfully requests this Honorable Court enters an Order partially avoiding the lien of Diane G. Morris and bifurcating the Secured Creditor's Claim in accordance with the value of the property, and for such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

Dated: October 19, 2023

/s/ Brad J. Sadek
Brad J. Sadek, Esquire
Sadek Law Offices
2 Penn Center
1500 JFK Boulevard, Suite 220
Philadelphia, Pennsylvania 19102
(215) 545-0008
brad@sadeklaw.com